**Reverse and Render; Opinion Filed May 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00210-CV

### STEVEN PHILLIPS, Appellant
### V.
### TRACI TUCKER, Appellee

### On Appeal from the 255th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 10-03974

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

In this appeal, we address the question of whether a portion of Steven Phillips's monetary compensation for wrongful imprisonment under the Tim Cole Act,[1] is lost wages subject to division as marital property. Phillips contends the trial court erred in awarding his ex-wife Traci Tucker part of his recovery because: (1) no portion of the amount he was awarded under the Act is for lost wages, and (2) his right to compensation under the Act did not exist at the time the parties divorced. For the reasons that follow, we conclude Tucker was not entitled to a portion of the compensation award Phillips received under the Act. We therefore reverse the trial court court's judgment and render judgment that Tucker take nothing on her claims.

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 103.001–.154 (West 2011 & Supp. 2013). Before the 2009 amendment, the Act was known as the Texas Wrongful Imprisonment Act.

## BACKGROUND

Steven Phillips and Traci Tucker were married in 1980. Two years later, Phillips was arrested, convicted, and ultimately incarcerated for certain criminal offenses. The parties divorced in 1992, while Phillips was still in prison. Fifteen years later, Phillips was released from prison on parole after spending almost twenty-five years in prison. The next year, sixteeen years after the divorce, Phillips was exonerated by DNA testing. Thereafter, he applied for and received compensation through the administrative procedure set forth in the Tim Cole Act.

In February 2010, Tucker sued Phillips for a portion of the compensation he received under the Act alleging the amount included lost wages related to Phillips's first nine and three quarters years in prison before their divorce. Tucker argued that any recovery for lost wages during the marriage was community or marital property rather than Phillips's separate property. She also asserted she was entitled to divide the lost wages award pursuant to sections 9.201–.205 of the Texas Family Code addressing post-decree division of property. After a trial before the court, the trial court agreed with Tucker and rendered judgment in her favor for $114,459.50 plus attorney's fees and expenses.[2] Phillips timely filed this appeal.

## ANALYSIS

In his sole issue, Phillips asserts the trial court erred as a matter of law in awarding a portion of his statutory compensation for wrongful incarceration to Tucker. Phillips argues his compensation award under section 103.052(a) of the Texas Civil Practice and Remedies Code (entitled Lump-Sum Compensation) was calculated by multiplying the number of years he was wrongfully imprisoned by $80,000 and did not include any amount for lost wages during the period of his wrongful incarceration. We agree.

---

[2] At trial, Tucker testified that Phillips contracted roofing jobs before he went to prison. An expert witness on Tucker's behalf testified to the amount of lost earnings a Dallas area roofer/roofing contractor/manager would have incurred for the relevant period. But there was no evidence the compensation Phillips received under the Act included any of these amounts.

The construction of the Act is a question of law that we review de novo. *See In re Allen*, 366 S.W.3d 696, 703 (Tex. 2012). Our purpose is to effectuate the Legislature's intent. *Id*. When that intent is expressed in unambiguous statutory language and does not lead to absurd results, the text of the statute controls. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). When the statutory language is clear and unambiguous, we will not resort to rules of construction or extrinsic aids to construe the language. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). However, even when the statute is unambiguous, we may consider, among other things, the statute's objectives, circumstances under which it was enacted, former statutory provisions, legislative history, and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023 (West 2005); *State v. Hodges*, 92 S.W.3d 489, 494 (Tex. 2002).

The Tim Cole Act provides a person who has been wrongfully incarcerated with an administrative remedy to seek monetary compensation from the State for the period of wrongful imprisonment. *See In re Blair,* 408 S.W.3d 843, 847–48 (Tex. 2013). The compensation scheme under the Act is essentially liquidated damages for "the wrong done in the State's name" based on time served. *See id*. Pursuant to the Act, a claimant is entitled to compensation if he has served in whole or in part a sentence in prison, and, as relevant here, has been granted relief on the basis of actual innocence of the crime for which he was sentenced. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 103.001(a)(1) & (a)(2)(West Supp. 2013). The amount of the lump-sum compensation owed to an eligible exoneree is determined by multiplying $80,000 times the number of years served in prison, expressed as a fraction to reflect partial years.[3] *See id*., 103.052(a)(1). Thus, according to the plain language of the statute, the lump-sum compensation

---

[3] The Act also provides for additional compensation to the exoneree in the form of annuity payments as well as other benefits that are not relevant here. *See* §§ 103.053–.054.

awarded under the Act's administrative remedy is based solely on the period of wrongful incarceration and is not based on, or related to, any particular exoneree's economic loss or lost wages while in prison.

Our conclusion that Phillips's statutory lump-sum compensation does not include an amount for his lost wages is also supported by the history of the statute. Before the Tim Cole Act was enacted in 2009, the wrongful imprisonment statute allowed an eligible exoneree to choose between an administrative remedy entitling the exoneree to $50,000 for each year imprisoned or filing a lawsuit against the State for economic damages, including lost wages. *In re Blair,* 408 S.W.3d at 847–48. The Act abolished the cause of action for damages, however, leaving only the administrative remedy and increased the amount of lump-sum compensation from $50,000 to $80,000 per year of imprisonment. *In re Blair*, 408 S.W.3d at 848. Nothing in the legislative history indicates the increase in the lump-sum compensation was for lost wages.

Tucker argues that because exonerees must release their right to pursue a federal civil rights lawsuit to receive compensation under the Act,[4] the statutory scheme is analogous to a settlement offer and, therefore, any portion of the compensation that can be deemed attributable to lost wages is community or marital property subject to division under the family code. As Tucker concedes, however, the Act itself does not characterize any portion of the monetary compensation awarded under the Act as lost wages. On the contrary, all eligible exonerees are entitled to compensation based solely on the number of years wrongfully incarcerated multiplied by $80,000 without regard to the exoneree's education, work history, earning capacity, or other evidence of the economic losses incurred while wrongfully imprisoned.

Nevertheless, Tucker contends nothing in the statute itself, its history, or its purpose precludes a trial court from classifying a portion of the compensation received under the Act as

---

[4] *See* § 103.153.

community or marital property. She makes a policy argument that as Phillips's spouse, she also suffered financially and emotionally from his wrongful incarceration and as such should be entitled to a portion of the statutory compensation. Certainly the Legislature is not unaware of the fact that the families of those wrongfully incarcerated may also suffer. Indeed, the Act contains a provision for the recovery of unpaid child support payments that became due during imprisonment for distribution to the obligee under the child support order. *See* § 103.052(a)(2) and (c). In fact, Tucker was paid child support under this provision. Additionally, the Act permits the heirs of a deceased person who would have been entitled to statutory compensation if living to recover the lump-sum compensation under section 103.052. *See* § 103.001(c).[5] But nowhere in the Act does the Legislature provide compensation for the spouse of an exoneree. Allowing spouses and former spouses of the wrongfully convicted to sue the exoneree for a portion of their statutory compensation might well require the exoneree to expend a considerable portion of his recovery on extended legal proceedings to defend his award. Moreover, in the case of a high wage earning exoneree, the entire amount of the lump-sum compensation award could be subject to division as lost wages without regard to any other harm personally suffered by the exoneree while wrongfully imprisoned. In any event, as the supreme court has previously observed in *State v. Oakley:*

> [T]he question before us is not one of policy but of statutory construction, and our duty is to give effect to the Legislature's intent. While the limitations in [the Act] may sometimes be harsh, the common-law rule was harsher still, entitling claimants to nothing from a state that wrongfully imprisoned them. As [the Act] intended to ameliorate that rule, it is the Legislature's prerogative to set its boundaries.

---

[5] Prior to the 2009 amendment, the statute prohibited survival of Chapter 103 claims. *See State v. Oakley*, 227 S.W.3d 58, 62 (Tex. 2007).

*Id.*, 227 S.W.3d 58, 62 (Tex. 2007). As currently written, the statute simply does not permit the spouse or former spouse of an exoneree to recover a portion of the compensation awarded under section 103.052 as lost wages.

## CONCLUSION

Under the Act, no portion of the monetary compensation Phillips received through its administrative procedure is characterized as lost wages. Accordingly, the trial court erred in concluding otherwise. Our resolution of Phillips's first argument makes it unnecessary to address his remaining argument or Tucker's cross-point asserting the trial court erred in denying her request for pre-judgment interest.

We reverse the trial court's judgment and render judgment that Tucker take nothing on her claims.

/David Evans/
DAVID EVANS
JUSTICE

130210F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN PHILLIPS, Appellant

No. 05-13-00210-CV        V.

TRACI TUCKER, Appellee

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-03974.
Opinion delivered by Justice Evans,
Justices FitzGerald and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and judgment is **RENDERED** that:

Traci Tucker take nothing on her claims against Steven Phillips.

It is **ORDERED** that appellant STEVEN PHILLIPS recover his costs of this appeal from
appellee TRACI TUCKER.

Judgment entered this 12th day of May, 2014.

/David Evans/
DAVID EVANS
JUSTICE