

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00053-CV

REMCEY JEUNENNE CHANEY, Appellant

V.

STEVEN MARK CHANEY, Appellees

On Appeal from the 255th District Court
Dallas County, Texas
Trial Court No. DF-82-12485

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In 1987, Steven Mark Chaney had been wrongfully convicted, sentenced to life imprisonment, and started serving the wrongful sentence. Later, after the error had been established and Steven released, Steven received compensation from the State of Texas under the Tim Cole Act (Act).[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 103.001, 103.052; *In re Smith*, 333 S.W.3d 582, 583 (Tex. 2011). After hearing of this payment, Steven's ex-wife, Remcey Jeunenne Chaney, filed a motion for enforcement of alleged back child support. Because, among other things, the evidence at trial showed that Steven's child support obligation to Remcey had been paid in full, the trial court in Dallas County[2] granted directed verdicts against Remcey, denied Remcey's motion for enforcement, and ordered that Remcey pay Steven's attorney fees.

In her pro se appellate brief, Remcey "firmly disagrees with the outcome" of this case but fails to challenge the merits of the trial court's decision that Steven's child support arrearages were paid in full. Without evidentiary support in the record, Remcey claims that her child had special needs and asks this Court to "set up a Special Needs Trust" for him.[3] It also appears that she seeks an award of pain and suffering from this Court. Because Remcey has not meaningfully

---

[1]"The Tim Cole Act provides a person who has been wrongfully incarcerated with an administrative remedy to seek monetary compensation from the State for the period of wrongful imprisonment." *Phillips v. Tucker*, 442 S.W.3d 543, 545 (Tex. App.—Dallas 2014, pet. denied) (citing *In re Blair*, 408 S.W.3d 843, 847–48 (Tex. 2013)). "The compensation scheme under the Act is essentially liquidated damages for 'the wrong done in the State's name' based on time served." *Id.* (quoting *Blair*, 408 S.W.3d at 847).

[2]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[3]Because the record shows that this issue was not timely presented or ruled on by the trial court, it is not preserved. *See* TEX. R. APP. P. 33.1(a).

or appropriately challenged the trial court's decision to grant a directed verdict against Remcey, we affirm the trial court's judgment.

After Steven and Remcey were divorced in 1983, the trial court had ordered Steven to pay $80.00 per week in child support for their son, who was born in 1976. In a September 2, 1987, order, the trial court had terminated the child support obligation after the child was placed with a non-parent. In fact, in a 1989 modification order, Remcey had been ordered to pay child support to the non-parent. Even so, in 2019, Remcey filed the motion for enforcement of back child support that led to this appeal.

Because their son had turned eighteen in 1994 and graduated from high school in 1995, Steven argued that Remcey's suit for enforcement of the child support obligation was barred by limitations.[4] He also filed a responsible-third-party cause of action against the Texas Comptroller's Office and Office of the Attorney General Child Support Division (collectively AG) and argued that they were responsible for calculating the amount of child support, which had been paid to Remcey in full. The AG also asserted that Remcey's claims were time barred since they were filed "nearly 24 years after" the child support obligation terminated and since the

---

[4]Section 157.005(b) states,

> The court retains jurisdiction to confirm the total amount of child support arrearages and render a cumulative money judgment for past-due child support, as provided by Section 157.263, if a motion for enforcement requesting a cumulative money judgment is filed not later than the 10th anniversary after the date:
>     (1)    the child becomes an adult; or
>     (2)    on which the child support obligation terminates under the child support order or by operation of law.

TEX. FAM. CODE ANN. § 157.005(b).

3

child had reached the age of maturity and graduated high school. TEX. FAM. CODE ANN. § 157.005(b).

Remcey's claim cited the Act. Under the Act, a wrongfully convicted person is entitled to compensation in an amount equal to:

(1) $80,000 multiplied by the number of years served in prison, expressed as a fraction to reflect partial years; and

(2) compensation for child support payments owed by the person on whose imprisonment the claim is based that became due and interest on child support arrearages that accrued during the time served in prison but were not paid.

TEX. CIV. PRAC. & REM. CODE ANN. § 103.052(a). "The amount of compensation under Subsection (a)(2) to which a person is entitled shall be paid on the person's behalf in a lump-sum payment to the state disbursement unit, as defined by Section 101.0302, Family Code, for distribution to the obligee under the child support order." TEX. CIV. PRAC. & REM. CODE ANN. § 103.052(c).[5] In its answer, the AG affirmed that "the comptroller has already calculated and released funds in this case in accordance with . . . § 103.052, zeroing out the arrears owed to [Remcey]."

At trial, Remcey admitted that Steven did not have any child support obligation after the 1987 and 1989 orders were entered and that she had received a $14,307.69 lump sum payment from the AG in satisfaction of Steven's child support arrearage pursuant to Section 103.052(c). Even so, Remcey said that the payment "was never acceptable." As a result of Remcey's

---

[5]Because back child support under Section 103.052 of the Texas Civil Practice and Remedies Code is paid to the state disbursement unit, the AG also argued that Remcey lacked standing to separately pursue a claim under Section 103.052.

4

admissions, both Steven and the AG orally moved for a directed verdict based on the lack of evidence of any arrearage and based on limitations. The trial court granted the motions for directed verdict, denied Remcey's motion for enforcement of child support, and ordered that she pay $5,000.00 for Steven's attorney fees.[6]

Remcey has not meaningfully challenged the trial court's directed verdict or the sufficiency of the evidence supporting Steven's attorney fees. As a result, we affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     January 19, 2021
Date Decided:       January 20, 2021

---

[6]Testimony establishing the amount of Steven's attorney fees was presented at trial. Remcey does not challenge that evidence.